# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JUDY A. POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 1:12-cv-0452-TWP-DML |
| | ) |
| TRAVELERS INDEMNITY, | ) |
| | ) |
| Defendant. | ) |

**Entry and Order Dismissing Action**

**I.**

The plaintiff's requests for a court appointed attorney has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688, 700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it herself. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

The court finds that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. Regardless, the plaintiff is within the spectrum of "most indigent parties" because she has had a meaningful opportunity to present her claim, she has demonstrated familiarity with her claims and the ability to present them, because the issues presented by her claims are not complex, and because this does

not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak").

Based on the foregoing, the plaintiff's requests for appointment of counsel—made most recently in her filing of May 14, 2012, are **denied.**

## II.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Because the complaint failed to meet this standard, it was dismissed. This was explained. The plaintiff was accorded the opportunity to file an amended complaint and given guidelines for doing so. She has also been given a reasonable period of time in which to do so. That time has been extended on the court's own motion. That time has now elapsed, however, and no amended complaint has been filed. Consistent with the dismissal of the complaint and the plaintiff's failure to cure this defect, therefore, the action is now dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/05/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Judy A. Powell
930 Lake Nora N. Ct.
Unit E
Indianapolis, IN 46240